Mr. Justice De Jesús did not participate herein.

---

JUAN DE JESÚS MONTALVO, Plaintiff and Appellee, *v.* JULIO FREYRE, Defendant and Appellant.

No. 9649.   Argued June 2, 1948.—Decided June 16, 1948.

*A. Ramírez Silva* for appellant.   *A. Quirós Méndez* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On March 19, 1947 the plaintiff filed a suit in the District Court of San Juan against the defendant for failure to perform a contract and the damages resulting therefrom.   On May 15, 1947 the defendant moved to dismiss on the ground

that as this is a personal action and the defendant resides in Mayagüez, this case must be filed in the District Court of Mayagüez. On September 15, 1947 the plaintiff filed a motion reciting these two facts. Pointing out that no answer had been filed, the plaintiff "consented to the motion to dismiss" pursuant to Rule 41 of the Rules of Civil Procedure. He prayed for an order of dismissal without costs. On the same date the district court entered an order granting the motion in view of the fact that no answer had been filed.

On September 24, 1947 the defendant moved for reconsideration. He alleged that he was not notified of the motion of the plaintiff; that Rule 41(a)(2) rather than Rule 41(a)(1) applied to this case; that under Rule 41(a)(2) an action may not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper; that the defendant should have been heard on the terms and conditions of the order of dismissal; and that the defendant is entitled to be reimbursed for expenses and attorney's fees as a condition of the order of dismissal. He asserts this is particularly true because while the suit in San Juan was still pending, the plaintiff filed another suit in Mayagüez which he had moved to dismiss because another suit between the parties involving the same subject matter was pending in San Juan.

The district court overruled the motion for reconsideration. The defendant appealed from the order dismissing the case and the other denying his motion for reconsideration.

On appeal, the only question is whether the lower court properly applied Rule 41 to the facts of this case. Rule 41(a)(1) provides that ". . . an action may be dismissed by the plaintiff without order of the court (I) by filing a notice of dismissal at any time before service of the answer. . .". Rule 41(a)(2) provides that "Except as provided in paragraph (1) of this subdivision, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

We agree with the district court that the case came under Rule 41(*a*)(1) in view of the fact that no answer had as yet been filed. The fact that the motion of the plaintiff was labelled by the plaintiff a consent to a dismissal prayed for by the defendant rather than a notice of voluntary dismissal is immaterial. The effect of the document was to operate as a notice of dismissal. And the order dismissing, as the district court correctly pointed out, was superfluous.

In addition, the district court, in overruling the defendant's motion for reconsideration, assumed that Rule 41(*a*)(2) applied. Even under that provision, the terms and conditions of dismissal rest in the discretion of the district court. And it found that under the circumstances of this case it was appropriate to order dismissal of the San Juan case without imposition of costs. Only if the district court abused its discretion could this Court interfere with that order. *Zegarra* v. *District Court*, 66 P.R.R. 143. We find no such abuse of discretion here.

The orders of the district court dismissing the suit and denying the defendant's motion for reconsideration will be affirmed.

Mr. Justice De Jesús did not participate herein.